**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| NEIL WILLIAMS, | CIVIL ACTION NO. 3:11-CV-1931 |
| Plaintiff, | |
| v. | (JUDGE CAPUTO) |
| EXETER TOWNSHIP, et al., | |
| Defendants. | |

**MEMORANDUM**

Presently before the Court is the Motion to Partially Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 3) filed by Defendants Exeter Township, Nancy Smith, John Coolbaugh, Benjamin Gadomski, and Donald Hoffman. Defendants move to dismiss, with prejudice, Count II of the Complaint on the basis that Plaintiff's Pennsylvania Whistleblower Act claim, 43 P.S. §§ 1421, *et seq*., is time barred. (Doc. 3.) Because the Whistleblower Act claim, as alleged, is time barred, the Court will dismiss the Whistleblower claim. However, Plaintiff will be given leave to amend his Complaint to properly state a claim pursuant to the Pennsylvania Whistleblower Act.

**I. Background**

Plaintiff filed the present action against Defendants Exeter Township, Chief of Police Nancy Smith, Supervisor John Coolbaugh, Supervisor Benjamin Gadomski, and Supervisor Donald Hoffman (collectively "Defendants"). (Doc. 1.) Count I of Plaintiff's Complaint asserts claims under 42 U.S.C. § 1983. (Doc. 1.) Count II, labeled "State Claims," appears to assert claims for wrongful discharge, malicious prosecution, abuse of process, and violation of the Pennsylvania Whistleblower Act, 43 P.S. §§ 1421, *et seq*.

As set forth in Plaintiff's Complaint, the relevant facts are as follows:

On October 31, 2006, Plaintiff Neil Williams was hired by Exeter Township as Road Department Foreman. (Doc. 1.) When Plaintiff was hired, Nancy Smith was employed by the Exeter Township Police Department as a Sergeant. (Doc. 1.) In December of 2009, Smith was appointed Chief of Police of Exeter Township. (Doc. 1.) While Plaintiff was employed as Road Department Foreman, Defendant Smith repeatedly harassed Plaintiff. (Doc. 1.) Plaintiff frequently indicated to Defendant Smith that the harassment was unwelcome and Plaintiff informed the Exeter Township Board of Supervisors of Defendant Smith's conduct. (Doc. 1.) The Board of Supervisors, however, refused to take action. (Doc. 1.) At some time after February 5, 2010, Defendant Smith met with Township Supervisors and requested that Plaintiff's employment be terminated. (Doc. 1.) Moreover, in September of 2010, Defendant Smith filed criminal charges against Plaintiff for Public Drunkeness and Disorderly Conduct. (Doc. 1.) The charges, however, were ultimately dismissed by the Luzerne County Court of Common Pleas on December 22, 2010. (Doc. 1.)

While Plaintiff was employed as Road Department Foreman, Defendant Coolbaugh was a Supervisor of Exeter Township and also an employee in the Exeter Township Road Department. (Doc. 1.) During Plaintiff's employment, Plaintiff became aware of discrepancies involving Defendant Coolbaugh's payroll submissions and his actual time worked. (Doc. 1.) After Defendant Coolbaugh informed Plaintiff that he was not required to submit punched time cards, Plaintiff raised the issue at Exeter Township public meetings in November and December of 2009. (Doc. 1.) Defendant Coolbaugh, however, told Plaintiff to sit down and shut up at the meetings. (Doc. 1.) Thereafter, Defendant Coolbaugh engaged, on a daily basis, in demeaning, harassing, and threatening Plaintiff.

(Doc. 1.)  In January of 2010, Defendant Coolbaugh became the Exeter Township Road Master. (Doc. 1.)

Defendants Gadomski and Hoffman were also Exeter Township Supervisors during Plaintiff's employment as Road Department Foreman. (Doc. 1.)  In early January of 2010, Plaintiff informed Defendants Gadomski and Hoffman of Defendant Coolbaugh's improper conduct, including discrepancies in Defendant Coolbaugh's payroll submissions in relation to his time worked. (Doc. 1.)  Although Defendants Gadomski and Hoffman assured Plaintiff that they would resolve his issues with Defendant Coolbaugh, Plaintiff was informed shortly thereafter that he was laid off from his position. (Doc. 1.)  After he was terminated, Plaintiff attempted to collect his paycheck for accrued vacation pay, but Plaintiff was informed that Defendant Coolbaugh would not sign the check. (Doc. 1.)

On February 18, 2010, at an improperly scheduled Special Meeting of the Exeter Township Board following an Executive Session called by Defendant Hoffman, Defendant Coolbaugh moved to have Plaintiff fired. (Doc. 1.)  Defendant Gadomski seconded the motion and Defendant Hoffman approved the motion. (Doc. 1.)  At the next public meeting, in March of 2010, the Board rescinded the action taken at the February 18, 2010 meeting and "re-fired" Plaintiff due to a procedural defect at the Special Meeting. (Doc. 1.)  Plaintiff attempted to speak at the meeting where he was "re-fired," but Defendant Coolbaugh told him "to shut up and prohibited him from speaking at the public meeting." (Doc. 1.)  Plaintiff later learned he was fired for insubordination, but the State Unemployment Office found this claim to be unsubstantiated. (Doc. 1.)

At the April and May of 2010 public meetings, Plaintiff requested to retrieve his personal property from the Exeter Township Building, but Plaintiff Coolbaugh refused to

allow Plaintiff to recover his property. (Doc. 1.)

After being fired, Plaintiff attended multiple Township Board meetings to address issues related to the use of time cards by supervisor-employees. (Doc. 1.) As a result, the Board, on July 12, 2010, passed a motion requiring supervisor-employees to submit punched time cards. (Doc. 1.) This motion, however, was rescinded by a vote of Defendants Coolbaugh, Hoffman, and Gadomski on August 2, 2010. (Doc. 1.)

At the conclusion of a Board meeting on September 7, 2010, Plaintiff and Defendant Gadomski engaged in an argument in front of several witnesses. (Doc. 1.) During the argument, Defendant Gadomski admitted to Plaintiff that he got him fired as Road Department Foreman and also threatened to get Plaintiff fired from his private sector job. (Doc. 1.)

After Plaintiff commenced this action on October 18, 2011, Defendants filed the present partial motion to dismiss. (Doc. 3.) Defendants seek to dismiss Count II[1] of Plaintiff's Complaint with prejudice. (Doc. 3.) According to Defendants, a Pennsylvania Whistleblower Act claim must be filed within 180 days of the alleged violation. (Doc. 3.) Defendants argue that because the last event alleged by Plaintiff occurred on March 4, 2011 (Doc. 9),[2] the Whistleblower Act claim is untimely as Plaintiff's Complaint was filed

---

[1] Defendants argue that Count II only asserts a claim for violation of the Pennsylvania Whistleblower Act, 43 P.S. §§ 1421, *et seq*. (Doc. 3.) The Court, however, construes Count II, labeled "State Claims," as also alleging claims for wrongful discharge, malicious prosecution, and abuse of process. (Doc. 1.) As Plaintiff will be given leave to amend his Whistleblower Act claim, the Court suggests that Plaintiff more clearly identify his claims for the convenience of the parties.

[2] Although Plaintiff's opposition to Defendants' partial motion to dismiss identifies March 4, 2011 as the most recent date of relevant events, the most

over 180 days after March 4, 2011. (Doc. 9.) Plaintiff opposes Defendants' partial motion to dismiss and asserts "that discovery conducted in the case will reveal that Defendant Supervisors continued their retaliation" after March 4, 2011. (Doc. 8.) Plaintiff also requests the Court to grant him leave to amend Count II of the Complaint. (Doc. 8.) Defendants' motion has been fully briefed and is now ripe for disposition.

## II. Discussion

### A.    Motion to Dismiss Under 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of their claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). The Court does not consider whether a plaintiff will ultimately prevail. *See id*. A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir.2000).

"A pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). The statement required by Rule 8(a)(2) must give the defendant fair notice of what the ... claim is and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555,

---

recent date identified in the Complaint appears to be the dismissal of Plaintiff's criminal charges by the Luzerne County Court of Common Pleas on December 22, 2010. (Doc. 1.)

127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Detailed factual allegations are not required. *Twombly*, 550 U.S. at 555. However, mere conclusory statements will not do; "a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). Instead, a complaint must "show" this entitlement by alleging sufficient facts. *Id*. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009).

As such, the inquiry at the motion to dismiss stage is "normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir.2011).

Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir.2008) (quoting *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S.Ct. at 1949. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 129 S.Ct. at 1949.

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir.1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id*. The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir.1998), or credit a complaint's "'bald assertions'" or "'legal conclusions.'" *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir.1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429–30 (3d Cir.1997)).

Additionally, while courts do not typically dismiss claims as time barred on a motion to dismiss, "a court may . . . dismiss a claim under 12(b)(6) where the bar is 'apparent on the face of the complaint.'" *Metso Paper USA, Inc. v. Bostik, Inc.*, No. 3:08–CV–772, 2011 WL 2670320, at *3 (M.D.Pa. July 8, 2011) (quoting *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir.2002)). Thus, "the determination of whether a plaintiff's claim is barred by the statute of limitations involves issues of fact and therefore, the statute of limitations is normally addressed at the summary judgment stage or at trial." *Kiser v. A.W. Chesterton Co.*, 770 F.Supp.2d 745, 747 (E.D.Pa.2011).

**B.   Dismissal of Plaintiff's Pennsylvania Whistleblower Act Claim**

Defendants request dismissal of Plaintiff's Pennsylvania Whistleblower Act claim, 43 P.S. §§ 1421, *et seq.*, on the basis that the claim is time barred. (Doc. 3.) The Whistleblower Act provides:

> A person who alleges a violation of this act may bring a civil action in a court of competent jurisdiction for appropriate injunctive relief or damages, or both, within 180 days after the occurrence of the alleged violation.

43 P.S. § 1424(a). As recognized by this Court, "despite the use of the permissive 'may,' the Whistleblower Law's '180-day time limit is mandatory, and courts have no discretion to extend it.'" *Campion v. Northeast Utilities*, 598 F. Supp. 2d 638, 645 (M.D. Pa. 2009) (quoting *O'Rourke v. Pennsylvania Dep't of Corr.*, 730 A.2d 1039, 1042 (Pa. Commw. Ct. 1999)).

Although the Court will generally not dismiss a claim as time barred on a motion to dismiss, the Court agrees with Defendants that Plaintiff's Whistleblower Act claim, as alleged, is barred by the Whistleblower Law's 180-day time limit, as no events have been alleged to have occurred since December 22, 2010. *See Metso Paper USA, Inc.*, 2011 WL 2670320, at *3; *see also Campion*, 598 F. Supp. 2d at 645. Thus, Plaintiff's Whistleblower Act claim will be dismissed.

**C.   Leave to Amend**

Defendants argue that Plaintiff should be denied leave to amend Count II of the Complaint because "any proposed curative amendment would be absolutely futile." (Doc. 9.) The Court disagrees with Defendants, however, and Plaintiff will be given leave to amend the Complaint.

Rule 15 of the Federal Rules of Civil Procedure permits a court to grant a party leave to amend its pleadings. *See* Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *See id*. In the absence of a finding of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by

8

amendments previously allowed, undue prejudice to the opposing party, [or] futility of amendment," it is an abuse of discretion to deny leave to amend. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *see also Arthur v. Maersk, Inc.*, 434 F.3d 196, 202–03 (3d Cir.2006). The Third Circuit has made clear that the touchstone for the denial of leave to amend is undue prejudice to the non-moving party. *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413–14 (3d Cir.1993).

Here, it is not apparent that amendment of Plaintiff's Whistleblower claim would be futile.  As Plaintiff's opposition to Defendants' partial motion to dismiss claims the Supervisor Defendants continued a pattern of impermissible conduct after March 4, 2011 (Doc. 8), it would be premature to dismiss the claim with prejudice at this time without providing Plaintiff the opportunity to clarify this claim.  And, as Plaintiff has not previously been granted leave to amend, the Court believes it would be an abuse of discretion to deny Plaintiff the chance to amend his Complaint. *See Forman*, 371 U.S. at 182.  Plaintiff will therefore be given twenty-one (21) days to file an amended complaint.

### III. Conclusion

For the reasons stated above, Defendants' partial motion to dismiss (Doc. 3) will be granted in part and denied in part.  Plaintiff's Pennsylvania Whistleblower Act claim will be dismissed without prejudice.  Plaintiff, however, will be granted leave to file an amended complaint.

An appropriate order follows.

| | |
|---|---|
| March, 26, 2012<br>Date | /s/ A. Richard Caputo<br>A. Richard Caputo<br>United States District Judge |